**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

IN RE:      **ADVANCED TISSUE, LLC**             **CASE NO. 4:21-bk-12261**
           **Debtor-in-Possession**                             **Chapter 11**

**AMENDED MOTION TO APPROVE SALE OF EXCESS INVENTORY**
**BY PRIVATE SALE, FREE AND CLEAR OF LIENS**

        Debtor, for its Motion to Approve Sale of Excess Inventory by Private Sale, free and clear of liens, states as follows:

        1.        On August 23, 2021, the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. The Debtor has control of and continues to operate its business as the Debtor-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

        2.        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(1), (b)(s)(A), and (b)(2)(N).  Venue of this case and the Motion in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

        3.        Section 363(b) of the Bankruptcy Code provides that a debtor-in-possession, after notice and a hearing, may sell property of the estate outside the ordinary course of business. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course of business may be by private sale or public auction. On the terms and conditions set forth in this Motion, the Debtor proposes a sale of Excess Inventory listed on attached **Exhibit "A"** (collectively, the "Excess Inventory") by private sale to **Direct Medical Incorporated** ("Purchaser") for **$85,000.00** ("Purchase Price"). The obligation of the Purchaser to consummate the purchase of the Excess Inventory is expressly conditioned upon the sale being approved by entry of an order of this Court.

4.      Section 363(f) of the Bankruptcy Code permits debtors to sell assets free and clear of liens, claims, and encumbrances with any liens, claims or encumbrances in the property attaching to the proceeds of the sale. The Excess Inventory is subject to a lien in favor of Bell Bank. The proposed Purchase Price is less than the debt to Bell Bank. On information and belief, however, the proposed sale amount is or may be acceptable to Bell Bank to release its lien as such bank has additional collateral of the Debtor and a related party that secures the Debtor's indebtedness to Bell Bank. The Debtor is not aware of any other liens with respect to the Excess Inventory. The Debtor believes that one or more of the requirements of Section 363(f) are satisfied and requests that the Excess Inventory be transferred to Purchaser free and clear of all liens, claims, and encumbrances of any kind.

5.      The Excess Inventory to be sold pursuant to this motion is being sold in accordance with 11 U.S.C. § 363 and the Federal Rules of Bankruptcy Procedure.  This sale is on a strictly "as is, where is" basis with no warranties being extended except as to title and as otherwise set forth in this Motion or the Sale Order.

6.      The Debtor further requests that all liens, claims, and encumbrances of all parties having an interest in the Excess Inventory being sold attach to the sale proceeds in the order and priority to which they had just before the sale and be preserved for future determination by this Court.

7.      Because of the Chapter 11 filing, an emergency exists, and the **Debtor requests a shortening of the normal 21-day time period for creditors to object to 10 days.** The Debtor is providing electronic notice to counsel for Debtor's largest creditor, Bell Bank.

8.      The sale of the Excess Inventory will enable the Debtor to obtain proceeds that may subsequently be distributed to one or more creditors. The sale was the product of arm's-

length negotiations between the Debtor and the Purchaser, the Purchase Price is fair and reasonable, and the sale is in the best interest of the estate and its creditors. The sale terms do not contain any special treatment for the Purchaser, or any of its respective affiliates or insiders. Accordingly, the Purchaser should be deemed a good faith purchaser within Section 363(m) of the Bankruptcy Code.

9.     The Debtor also requests a waiver of the 14-day stay period set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

10.    A complete copy of this Motion will be provided to (i) all creditors of the estate; (ii) any entities known to have asserted any lien, claim or encumbrance in or upon the Excess Inventory: (iii) the Office of the United States Trustee, (iv) the Internal Revenue Service, (v) the Arkansas Department of Finance and Administration, and (vi) all entities that have requested notice in accordance with Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

**NOTICE OF OPPORTUNITY TO OBJECT: YOU ARE HEREBY NOTIFIED THAT YOU MAY OBJECT TO THIS MOTION ONLY BY FILING A WRITTEN RESPONSE WHICH IS FILED WITH THE UNITED STATES BANKRUPTCY COURT, 300 WEST SECOND STREET, LITTLE ROCK, ARKANSAS 72201. THE DEBTOR HAS CONTEMPORENOUSLY FILED A MOTION TO SHORTEN THE TIME TO RESPOND TO10 DAYS, WHICH, IF GRANTED, WILL EXPIRE ON SEPTEMBER 6, 2021. A COPY OF ANY RESPONSE OR OBJECTION SHOULD ALSO BE SENT TO THE UNDERSIGNED COUNSEL FOR THE DEBTOR, KEVIN P. KEECH, KEECH LAW FIRM, P.A., 2011 S. BROADWAY, LITTLE ROCK, ARKANSAS 72206. ANY OBJECTIONS FILED WILL BE HEARD AT A HEARING WITH THE TIME AND DATE OF SUCH HEARING TO BE SET BY THE COURT.  IN THE EVENT NO OBJECTIONS ARE FILED, THE COURT MAY ENTER AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE.**

WHEREFORE, the Debtor prays for entry of a Sale Order by this Court (i) approving and authorizing the Debtor to consummate the sale of Excess Inventory on the terms described herein by private sale as in the best interest of the estate and its creditors, (ii) that marketable,

indefeasible title and interest to the Excess Inventory be transferred to Purchaser by delivery of a Bill of Sale from the Debtor, providing that such transfer is free and clear of all liens, claims, rights and encumbrances of any kind, (iii) that any liens, claims, and encumbrances with interest in the Excess Inventory attach to the proceeds from the sale, (iv) that the 14-day stay set forth in Bankruptcy Rule 6004(h) be inapplicable and the Sale Order be effective immediately, and (v) granting to the Debtor all other proper relief to which it may be entitled.

Respectfully submitted,

KEECH LAW FIRM, PA
2011 S. Broadway
Little Rock, Arkansas 72206
Telephone:    501.221.3200
Facsimile:     501.221.3201
kkeech@keechlawfirm.com

By:    /s/ Kevin *P. Keech*
Kevin P. Keech, Ark. Bar No. 98147
KEECH LAW FIRM, PA
Attorneys for the Debtor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed via the Court's electronic case filing system on August 26, 2021, which will send notification of such filing to all registered parties.

***And by U.S. Mail to the following:***

Bell Bank and Twenty Largest Unsecured Creditors per addresses on creditors matrix. All Creditors per Creditors Matrix accessed from Court's ECF System on August 26, 2021.

Direct Medical Incorporated
121 S. Illinois St.
Belleville, IL 62220

/s/ Kevin P. Keech
Kevin P. Keech

4